UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KATHLEEN MILLER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | Case No. 13-cv-2281 |
| MAUREEN BRODERICK, | ) |  |
|  | ) | Judge John W. Darrah |
| Defendant. | ) |  |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Miller filed suit against Defendant Maureen Broderick, alleging three violations of 42 U.S.C. § 1983: (I) violation of Miller's right to an impartial hearing; (II) violation of Miller's liberty interest right to stand for office; and (III) her right to participate in the political process under the First Amendment. Broderick moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that Broderick is entitled to quasi-judicial immunity. For the reasons provided below, this Motion is granted.

## **BACKGROUND**

The following facts are drawn from the Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Miller is a citizen of the Village of New Lenox, Illinois. (Compl. ¶ 1.) Miller was a candidate for the Board of Education of New Lenox School District 122 ("School Board") in the April 9, 2013 election. (*Id.* ¶ 2.) Broderick is the secretary of the School Board and a member of the Education Officers Electoral Board ("EOEB"). (*Id.* ¶ 3.) As a member of the EOEB, Broderick was a state actor within the meaning of 42 U.S.C. § 1983 (*Id.* ¶ 7.)

On January 3, 2013, Broderick filed an objection to Miller's nominating petitions, based on the fact that Miller's nominating position listed Miller herself as the petition circulator. (*Id.* ¶ 5.) Broderick withdrew her objection, and later that same day, an identical objection was filed by Nicole Sanders. (*Id.* ¶ 6.) On January 11, 2013, the EOEB convened to determine if Miller's nominating petitions were sufficient such that she could be on the April 9, 2013 School Board ballot. (*Id.* ¶ 4.) At the conclusion of this hearing, counsel for the EOEB advised that there were insufficient grounds to strike Miller's name from the ballot. (*Id.* ¶ 9.) Broderick and another EOEB member voted to strike Miller's name from the ballot in spite of this advice. (*Id.* ¶ 10.) Miller filed a complaint in state court to remain on the School Board ballot, and on January 28, 2013, Miller was reinstated as a candidate by the order of the state court. (*Id.* ¶¶ 13-14.)

Miller alleges three claims against Broderick. First, Miller asserts Broderick denied Miller's right to a fair and impartial hearing under the Due Process clause of the Fourteenth Amendment by acting as a member of the EOEB after objecting to Miller's petition. Second, Miller contends Broderick deprived Miller of her liberty interest in running for public office under the Due Process clause of the Fourteenth Amendment. Third, Miller asserts Broderick denied Miller's right to participate in the political process as provided for by the First Amendment. Broderick moves to dismiss the Complaint, arguing that she was acting in a quasi-judicial capacity as a member of the EOEB and therefore entitled to absolute quasi-judicial immunity.

**LEGAL STANDARD**

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss a claim under Federal Rule

12(b)(6) for failure to state a claim upon which relief may be granted. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. In order to defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim has the requisite facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

## ANALYSIS

Broderick asserts she is immune from Miller's claims under the doctrine of quasi-judicial immunity, which is derived from the doctrine of judicial immunity. Judicial immunity provides that "judges are free to exercise their functions with 'independence and without fear of consequences.'" *El-Bey v. Housing & Urban Development*, Case No. 11 C 7260, 2012 WL 2116146, at *2 (N.D. Ill. June 8, 2012) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). "[J]udicial immunity can extend to non-judges when their judgments are 'functionally comparable to those of judges.'" *El-Bey*, 2012 WL 2116146, at *2 (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)).

"[T]he actual conduct or alleged wrongdoing of an official acting in a quasi-judicial capacity does not temper the protection of absolute immunity. . . . That is the rule because 'the threat of being subjected to *any* litigation impedes the officers' ability to engage in independent and fearless decision-making." *Capra v. Cook County Board of Review*, Case Nos. 12-2540, 12-

3

2848, 12-3116, 2013 WL 4441929, at *4 (7th Cir. Aug. 21, 2013) (quoting *Tobin for Governor v. Illinois State Board of Elections*, 268 F.3d 517, 524 (7th Cir. 2001)). To determine if absolute quasi-judicial immunity is available, "a court must apply a 'functional approach' by 'looking to the nature of the function performed, not the identity of the actor who performed it.'" *Johnson v. Root*, 812 F. Supp. 2d 914, 920 (N.D. Ill. 2011) (quoting *Heyde v. Pittenger*, 633 F.3d 512, 517 (7th Cir. 2011)). To establish this quasi-judicial immunity, Broderick's conduct must be either "judicial in nature, integral to the judicial process, or functionally comparable to prosecutorial action entitled to absolute immunity." *Johnson*, 812 F. Supp. 2d at 920.

In *Tobin for Governor*, the Seventh Circuit affirmed a district court's dismissal of a suit against members of the Illinois State Board of Elections on the basis that the members were entitled to quasi-judicial absolute immunity. 268 F.3d at 521. The Seventh Circuit found that the election board members were entitled to absolute immunity "because they were acting in an adjudicative capacity when they considered and ruled on the objections to [a] nomination petition." *Id.* at 522. This rationale is directly applicable to Broderick's position. Like the defendants in *Tobin for Governor*, Broderick acted in an adjudicative capacity when she, along with other members of the EOEB, considered and ruled on objections to Miller's nominating petition. The objection which she and the EOEB considered was one filed by another individual, Nicole Sanders; Broderick had previously withdrawn her own objection. (Compl. ¶ 6.)

The shield of absolute immunity cannot be pierced even when a judicial officer acts "in error, maliciously, or in excess of their authority." *Tobin for Governor*, 268 F.3d at 524 (citing *Stump v. Sparkman*, 435 U.S. 349, 356, 359 (1978)). Regardless of why Broderick voted to strike Miller's name from the School Board ballot, Broderick is shielded by absolute quasi-

judicial immunity in her quasi-judicial role as a member of the EOEB. Thus, Miller is unable to assert her Section 1983 claims against Broderick.

Judicial "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). However, neither of these exceptions to the judicial immunity shield are pled by Miller or addressed in her Response.

## CONCLUSION

For the reasons set forth above, Broderick's Motion to Dismiss is granted, and the Complaint is dismissed without prejudice and with leave to amend, provided Miller is able to file an amended complaint consistent with this opinion and Fed. R. Civ. P. 11, within thirty days of this Order.

Date: September 18, 2013

_____
JOHN W. DARRAH
United States District Court Judge