UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KATHLEEN MILLER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | Case No. 13-cv-2281 |
|  | ) |  |
| MAUREEN BRODERICK, | ) | Judge John W. Darrah |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Miller filed an Amended Complaint against Defendant Maureen Broderick, alleging three violations of 42 U.S.C. § 1983: (I) violation of Miller's right to an impartial hearing; (II) violation of Miller's liberty interest right to stand for office; and (III) violation of Miller's right to participate in the political process under the First Amendment. Broderick moves to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that Broderick is entitled to quasi-judicial immunity. For the reasons provided below, this Motion is granted.[1]

**BACKGROUND**

The following facts are drawn from the Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Miller is a citizen of the Village of New Lenox, Illinois. (Am. Compl. ¶ 1.) Miller was a candidate for the Board of Education of New Lenox School District 122 ("School Board") in the April 9, 2013 election. (*Id.* ¶ 2.) Broderick is the Secretary of the School Board and was a

---

[1] Miller's first complaint was dismissed without prejudice on September 18, 2013. She was then given leave to file this Amended Complaint.

member of the Educational Officers Election Board ("EOEB") in January 2013. (*Id.* ¶ 4.) As a member of the School Board and the EOEB, Broderick was a state actor within the meaning of 42 U.S.C. § 1983. (*Id.* ¶ 35.)

On January 3, 2013, Broderick reviewed Miller's School Board nominating petitions in the offices of the New Lenox School Local Election Officer. (*Id.* ¶ 8.) Broderick left the offices and returned later the same day with an objection to Miller's nominating petitions, signed by Nikki Sanders. (*Id.* ¶¶ 10-11.) Broderick did factual and legal research for, caused to be prepared, and personally filed the objection to Miller's nominating petitions. (*Id.* ¶ 17.) The objection was based on a single page of the petition lacking a date and erroneously identifying Miller herself as the circulator. (*Id.* ¶ 19.) Broderick recruited Nikki Sanders to act on Broderick's behalf and sign the objection to Miller's nominating petitions so that Broderick could serve on the EOEB in Miller's case. (*Id.* ¶¶ 15-16.)

On January 11, 2013, the EOEB convened to determine if Miller's nominating petitions were sufficient to place her name on the April 9, 2013, School Board ballot. (*Id.* ¶ 32.) As secretary of the School Board, Broderick sat in a quasi-judicial capacity when the EOEB convened to determine the sufficiency of Miller's nominating petitions. (*Id.* ¶¶ 31-32.) At the conclusion of this hearing, counsel for the EOEB advised that there were insufficient grounds to strike Miller's name from the ballot. (*Id.* ¶ 38.) Broderick and another EOEB member voted to strike Miller's name from the ballot in spite of this advice. (*Id.* ¶ 39.) Miller initiated proceedings in state court to remain on the School Board ballot, and on January 28, 2013, Miller was reinstated as a candidate by an order of the state court. (*Id.* ¶¶ 43-44.)

Miller alleges three claims against Broderick under 42 U.S.C. § 1983. First, Miller asserts Broderick denied Miller's right to a fair and impartial hearing under the Due Process clause of the Fourteenth Amendment by acting as a member of the EOEB after preparing the objection to Miller's nominating petitions. Second, Miller claims Broderick deprived Miller of her liberty interest in running for public office under the Due Process clause of the Fourteenth Amendment. Third, Miller contends Broderick denied Miller's right to participate in the political process as provided for by the First Amendment. Broderick moves to dismiss the Complaint, arguing that she was acting in a quasi-judicial capacity as a member of the EOEB and, therefore, entitled to absolute quasi-judicial immunity.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may assert by motion several defenses to a claim, including "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts construe the complaint in the light most favorable to the plaintiff when assessing a Rule 12(b)(6) motion to dismiss; all well-pleaded facts are accepted as true, and all reasonable inferences are construed in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

In order to withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Broderick asserts she is immune from Miller's claims under the doctrine of quasi-judicial immunity, which is derived from the doctrine of judicial immunity. Judges are held immune from civil liability in recognition of the value in allowing them to act on their convictions "without apprehension of personal consequences . . . .'" *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)). Pursuing this benefit more broadly, immunity is extended to officials who perform acts "functionally comparable" to judges. *Wilson v. Kelkhoff*, 86 F.3d 1438, 1443 (7th Cir. 1996) (citing *Butz v. Economou*, 438 U.S. 478, 512 (1978)). Therefore, quasi-judicial immunity "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

"[T]he actual conduct or alleged wrongdoing of an official acting in a quasi-judicial capacity does not temper the protection of absolute immunity . . . That is the rule because 'the threat of being subjected to any litigation impedes the officers' ability to engage in independent and fearless decision-making.'" *Capra v. Cook Cnty. Bd. of Review*, 733 F.3d 705, 710 (7th Cir. 2013) (citing *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 524 (7th Cir. 2001)). Accordingly, the issue of immunity must be examined before considering a claim for wrongful conduct.

*Quasi-Judicial Immunity*

In her role as Secretary of the School Board, Broderick is tasked with assessing the sufficiency of School Board candidates' nominating petitions. Considering and ruling on nomination petitions qualifies as an adjudicative function for purposes of immunity. *See Tobin for Governor*, 268 F.3d at 522. Miller has added much detail to her allegations of conspiracy, but the Amended Complaint still concedes that the objection that Broderick and the EOEB considered was signed by another individual, Nikki Sanders. (Am. Compl. ¶ 11.) The shield of absolute immunity cannot be pierced even when a judicial officer acts "in error, maliciously, or in excess of their authority." *Tobin for Governor*, 268 F.3d at 524 (citing *Stump v. Sparkman*, 435 U.S. 349, 356, 359 (1978)). Accordingly, Broderick's act of voting to strike Miller from the ballot, which is alleged to have caused the injury to Miller, is shielded by absolute quasi-judicial immunity in her quasi-judicial role as a member of the EOEB, regardless of why she voted to do so or her conduct preceding the vote. As long as the acts that caused the injury are within the judge's subject matter jurisdiction, immunity persists as a defense. *John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990).

*Subject Matter Jurisdiction*

Judicial "immunity is overcome in only two circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). Miller argues that Broderick is not entitled to absolute quasi-judicial immunity for lack of subject matter jurisdiction because Broderick researched, caused to be prepared, and filed an objection to

5

Miller's School Board nominating petitions. (Pl.'s Mem. Resp. to Def.'s Mot. Dismiss 7.) Yet, Miller does not allege that Broderick was not the Secretary of the Board of Education.

Illinois law designates "[t]he education officers electoral board to hear and pass upon objections to the nominations of [school board] candidates." 10 ILCS 5/10-9(5). Additionally, Illinois law provides that the Education Officers Electoral Board counts the Secretary of the School Board as a member. *Id.* Miller concedes that Broderick is the Secretary of the School Board and was a member of the EOEB in January 2013. (Am. Compl. ¶ 4.) Accordingly, as Secretary of the School Board, Broderick had jurisdiction to hear and pass upon objections to the nomination of School Board candidates during the hearing on January 11, 2013, including the objection to Miller's nominating petitions signed by Nikki Sanders.

Miller's argument appears to be that the alleged collusion between Broderick and Sanders somehow voids Broderick as Secretary. Yet, there is no authority to this effect. The Seventh Circuit has noted that mere allegations of conspiracy are insufficient to pierce judicial immunity. *Barron*, 897 F.2d at 1392. In *Barron*, the plaintiff claimed that the judge violated his right to a fair trial pursuant to the Due Process clause of the Fourteenth Amendment by conspiring with others to remove the plaintiff as a trustee. *Id.* at 1391. As mentioned above, the Seventh Circuit found that the judge was entitled to judicial immunity because he acted within the scope of his jurisdiction and in his judicial capacity, affirming the district court's dismissal of the lawsuit despite the plaintiff's allegations of judicial conspiracy. *Id.* at 1392.

As Secretary of the School Board, Broderick acted within the scope of her jurisdiction and in her quasi-judicial capacity during the hearing on January 11, 2013, when she heard and voted upon the objection to Miller's nominating petitions signed by Nikki Sanders. "The basis

6

of the absolute immunity of judges is less that they are unlikely to commit wrongs than that their wrongs are largely remediable through the appellate process." *Heyde v. Pittenger*, 633 F.3d 512, 519 (7th Cir. 2011) (quoting *Reed v. Vill. of Shorewood*, 704 F.2d 943, 952 (7th Cir. 1983)). Indeed, an appeal is precisely what Miller successfully pursued in state court. Broderick is entitled to judicial immunity despite Miller's allegation that Broderick conspired with Sanders in order to serve on the EOEB in Miller's case.

*Non-Judicial Conduct*

Lastly, Miller contends that Broderick's preparation of the objection and her collaboration with Sanders amount to non-judicial conduct unprotected by immunity. Miller's claims, however, require Broderick to have acted under color of state law. 42 U.S.C. § 1983.

A person acts under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). This condition bars claims under Section 1983 for "merely private conduct, no matter how discriminatory or wrongful." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Illinois law provides that any legal voter of the district in which the candidate is running may file an objection. 10 ILCS 5/10-8. To the extent Broderick researched, caused to be prepared, and filed an objection to Miller's nominating petitions prior to the empanelment of the EOEB, she did so as a private citizen and legal voter. Therefore, the actions Broderick is alleged to have undertaken prior to empanelment of the EOEB did not render Broderick a state actor under Section 1983.

## CONCLUSION

For all of these reasons, Broderick is shielded by absolute quasi-judicial immunity in her role as a member of the EOEB, and the actions Broderick is alleged to have undertaken prior to the empanelment of the EOEB are not actionable under 42 U.S.C. § 1983. Broderick's Motion to Dismiss [21] is granted, and the Amended Complaint [19] is dismissed with prejudice.

Date:     2/26/2014                                    _____
                                                                            JOHN W. DARRAH
                                                                            United States District Court Judge