UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 13-cv-2281 |
| MAUREEN BRODERICK. | ) ) Judge John W. Darrah |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

On February 26, 2014, this Court issued an opinion granting Defendant Maureen Broderick's motion to dismiss. Plaintiff Kathleen Miller has filed a Motion for Reconsideration of the judgment granting dismissal. The Motion has been fully briefed. For the reasons stated below, Miller's Motion is denied.

## BACKGROUND

For a recital of the material facts, refer to either issued Memorandum Opinion and Order, dated September 18, 2013, or March 20, 2014. In both rulings, this Court found that Broderick's actions in upholding Nicole Sanders's objection to Miller's School Board nominating petition were protected by quasi-judicial immunity.

Miller filed a Motion to Reconsider, pursuant to Fed. R. Civ. P. 59(a)(1)(B). However, there was never a trial in this case, rendering Rule 59(a)(1)(B) irrelevant. However, it is reasonably apparent from the body of Miller's Motion that she intended to move to reconsider judgment. Accordingly, Miller's Motion, which was timely filed in accordance with Rule 59(e), will be considered under that rule. Miller asserts that because she was not granted leave to file a

surreply to bring to the Court's attention an additional case, the Court has committed a "clear error of law" and the dismissal must be vacated.

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a judgment may be altered or amended where a party can clearly establish that "there is newly discovered evidence or there has been some manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

Motions to reconsider should be rare and are appropriate only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotations and citations omitted). A Rule 59(e) motion is improper where the movant simply "took umbrage with the court's ruling and rehashed old arguments." *Oto*, 224 F.3d at 606. A Rule 59 motion "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *United States v. Resnick*, 594 F.3d 562, 569 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)).

The Seventh Circuit reviews district court rulings on Rule 59(e) motions only for abuse of discretion. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013).

## ANALYSIS

As a preliminary matter, Miller argues that Broderick raised a new issue in her Rule 12(b)(6) reply brief that was improperly considered in ruling on the 12(b)(6) motion. This is not true. Although Miller's motion to strike certain portions of Broderick's 12(b)(6) reply brief was denied, the order also stated that the substance of the motion would be considered by the Court when preparing a ruling. (Dkt. No. 29.) The Court did so.

Miller argued primarily that Broderick first raised a "color of law" argument in her reply. However, Broderick's "color of law" argument was made in reply to Miller's arguments in her response that Broderick had violated Miller's constitutional rights by Broderick's actions before sitting as a member of the election board. In any case, Miller has now responded to Broderick's "color of law" argument in her Motion to Reconsider.

Miller's Motion is based on a single case: *Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir. 1980). In that case, Vanderwater, a judge of the Illinois Sixteenth Judicial Circuit, had an ownership interest in an apartment building in Aurora, Illinois. Lopez was a tenant of that building who was asked to move out because he was behind on his rent. Subsequently, Vanderwater received a call from another tenant who reported that Lopez was back in the building. Vanderwater asked the tenant to call the police and proceeded to the building, where he held Lopez at gunpoint until police arrived.

Lopez was arrested and taken to a police station that shared a building with the Aurora Branch of the Illinois Sixteenth Judicial Circuit. The court facilities of the Aurora Branch were closed and there were no prosecutors or personnel present. Although Vanderwater was not assigned to sit in the Aurora Branch, **Vanderwater charged Lopez** with theft of the apartment key and called Gamble, a co-owner of the apartment building, to come and sign the

complaint prepared by Vanderwater to support Vanderwater's charge. After Gamble signed the complaint, and while Lopez was still in a jail cell, Vanderwater arraigned, convicted, and sentenced Lopez, *in absentia*. The following day, Vanderwater directed personnel in the State's Attorney's office to type in the blank complaint form that Gamble had signed. Lopez then commenced a Section 1983 action against Vanderwater, Gamble, and several police officers.

The Seventh Circuit held that Vanderwater was absolutely immune from suit for his "judicial acts" of arraigning, convicting, and sentencing Lopez, but not for his "prosecutorial acts" of determining the offense to be charged, causing Gamble to sign the complaint, and directing the State's Attorney's office to complete the form. *Id*. at 1235. Therefore, Lopez was allowed to proceed on his Section 1983 claim "[b]ecause Vanderwater is not immune from liability for his prosecutorial acts, and because those acts were an integral part of his unlawful course of conduct . . . ." *Id*. at 1237.

Miller argues that the facts in *Vanderwater* are "on all fours" with allegations of the instant case, highlighting that Broderick composed the objection to Miller's nominating petition and simply had someone else sign the petition. It is true that the actions taken were arguably generally similar: Vanderwater composed a complaint, which he then had Gamble sign. Here, Broderick allegedly composed an objection which she then had Nicole Sanders sign. But the similarity ends there.

Miller fails to address the key distinction: "Vanderwater was able to take his prosecutorial acts *because he was cloaked with the office of judge*. His use of that office to prosecute Lopez was action under color of state law." *Id*. at 1237 (emphasis added). In Miller's summary of *Vanderwater*, she omits Vanderwater's important, in fact critical, acts of charging criminal conduct and directing the State's Attorney's office to complete the form. No ordinary

4

citizen can file a criminal charge, nor direct the actions of a State's Attorney's office. It was only because Vanderwater was a judge that he was able to carry out these acts, and that cloak of office qualified the "under color of law" designation. In contrast, Broderick allegedly composed an objection as any voter could have done and had another voter sign and submit it. Therefore, Broderick was not acting "under color of law" and Section 1983 is inapplicable.

## CONCLUSION

The Court has considered all the arguments and authorities in Miller's Motion to Reconsider; however, for the reasons set forth above, Miller's Motion [32] to vacate the order of dismissal with prejudice entered on February 26, 2014, is denied.

Date: June 26, 2014

JOHN W. DARRAH
United States District Court Judge